## Wm. Applegate, etc., v. Otho Nunn.

**Contracts—Construction.**

The phrase "merchantable coal" as used in a contract for the purchase of coal for use on a steamer, was held to be lump coal, where the kind of coal was not specified.

**Words and Phrases.**

The phrase "merchantable coal" as used in a contract for the purchase of coal for use on a steamer, was held to be lump coal, where the kind of coal was not specified.

**Words and Phrases.**

The term "merchantable" imports an article which, when put upon the market, will sell at an average price to those generally desiring to purchase that kind of merchandise, and not such as can be sold to a few persons for special purposes.

APPEAL FROM CRITTENDEN CIRCUIT COURT.

January 8, 1873.

Opinion by Judge Lindsay:

The sole question presented by this record is as to the construction to be placed upon the term "Merchantable coal," as used in the written contract entered into between the parties. Lump coal is certainly merchantable, and is so regarded by both parties, and the evidence shows that when coal is ordered by buyers none but lump coal is sent unless a different kind is mentioned in the order.

Nut coal can sometimes be sold for something more than half as much as the lump. It can be used for special purposes, and can be burned on a few steamers, but for general use, and upon the steamers, generally, lump coal is required. The miners are paid only for the lump coal mined, receiving nothing either for nut coal or slack.

The term "merchantable" imports an article which, when put upon the market, will sell at an average price to those generally desiring to purchase that character of product or mineral, and not such as can be sold to a few persons for special purposes.

It is manifest, from the testimony, that in sending coal to market no reasonably prudent miner would incur the expense of shipping

nut coal unless he had assurances that by reason of some special demand he would be able to sell it. Under such proof as this record presents, we are constrained to conclude that the terms of the contract do not require appellant to pay the stipulated price for any other than the lump coal he may mine.

The parties might have used language that would have made their intention clear and unmistakable. They failed to do so, and can have no ground to complain because the courts can not unerringly divine their intentions.

For the reasons given the judgment of the court of common pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

*Bush, for appellant.*

*J. W. Blue, for appellee.*